UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
DAVID FARKASH,                                   :           OPINION AND ORDER
         Plaintiff,                              :
                 v.                              :
                                                             12-CV-735 (ER)
RJM ACQUISITIONS FUNDING, INC.,                  :
         Defendant.                              :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKAS,                                    :
         Plaintiff,                              :
                 v.                              :
                                                             12-CV-935 (ER)
CAVALRY PORTFOLIO SERVICES,                      :
         Defendant.                              :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKASH,                                   :
         Plaintiff,                              :
                 v.                              :
                                                             12-CV-1017 (ER)
MIDLAND CREDIT MANAGEMENT, INC.,                 :
         Defendant.                              :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKAS,                                    :
         Plaintiff,                              :
                 v.                              :
                                                             12-CV-1110 (ER)
FREDERICK J. HANA & ASSOCIATES, P.C.,            :
         Defendant.                              :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKAS,                                    :
         Plaintiff,                              :
                 v.                              :
                                                             12-CV-1310 (ER)
MAIN STREET ACQUISITION CORP.,                   :
         Defendant.                              :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKAS,                                    :
         Plaintiff,                              :
                 v.                              :
                                                             12-CV-1456(ER)
NATIONAL ENTERPRISE SYSTEMS, INC.,               :
         Defendant.                              :
------------------------------------------------------------x
```

```
-----------------------------------------------------------------x
DAVID FARKAS,                                   :
       Plaintiff,                               :
                       v.                       :            12-CV-2212 (ER)
ENHANCED RECOVERY CO., LLC,                     :
       Defendant.                               :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
DAVID FARKAS,                                   :
       Plaintiff,                               :
                       v.                       :            12-CV-2360 (ER)
NORTHSTAR LOCATION SERVICES, LLC,               :
       Defendant.                               :
-----------------------------------------------------------------x
```

RAMOS, D.J.:

On May 25, 2012, this Court issued an Order dismissing without prejudice claims in eight cases that *pro se* Plaintiff David Farkas had filed *in forma pauperis*. *See Farkash v. RJM Acquisition Funding*, No. 12-cv-735 (ER), 2012 WL 1948643 (S.D.N.Y. May 29. 2012).[1]

In five of the cases, Mr. Farkas had sued debt collection agency Defendants only asserting claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the court dismissed without prejudice the complaints in their entirety: *Farkas v. Frederick J. Hana & Associates*, No. 12-cv-1110 (ER) ("*Hana*"); *Farkas v. Main Street Acquisition Corp.*, No. 12-cv-1310 (ER) ("*Main Street*"); *Farkas v. National Enterprise Systems*, No. 12-cv-1456 (ER) ("*National Enterprise*"); *Farkas v. Enhanced Recovery Co.*, No. 12-cv-2212 (ER) ("*Enhanced Recovery*"); and *Farkas v. Northstar Location Services*, No. 12-cv-2360 (ER) ("*Northstar*").  Order, 2012 WL 1948643 at *4.

In the three other cases, the Court dismissed without prejudice FCRA Counts against other debt collection agency Defendants, but Mr. Farkas had alleged claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which remained pending:

---

[1] The Court will refer to the May 29, 2012 Order addressing all eight cases collectively as "the Order" and Case No. 12-cv-735 specifically as "RJM."

*Farkash v. RJM Acquisition Funding*, No. 12-cv-735 (ER) ("*RJM*"); *Farkas v. Cavalry Portfolio Services*, No. 12-cv-935 (ER) ("*Cavalry*"); and *Farkash v. Midland Credit Management*, No. 12-cv-1017 (ER) ("*Midland*").  Order, 2012 WL 1948643 at *4.[2]

The Order stated that that "[i]f Mr. Farkas fails to replead any of his dismissed complaints or claims within the 30–day period, those complaints or claims will be dismissed with prejudice."  *Id.* at *5.  Mr. Farkas did not file an amended complaint in *Enhanced Recovery*—which had been dismissed without prejudice in its entirety—so the Court now *sua sponte* DISMISSES with prejudice that case.

Mr. Farkas filed amended complaints modifying the allegations in his FCRA counts in the seven remaining cases.  But, for reasons explained below, he has again failed to state a claim under FCRA in each of the re-filed cases.  In four of those cases—*Hana*, *Main Street*, *National Enterprise*, and *Northstar*—the initial and amended complaints included only a FCRA count.  Therefore, the Court *sua sponte* DISMISSES with prejudice these cases.

In *RJM* and *Cavalry*, the initial and amended complaints include FDCPA claims.  The FDCPA claims in the amended complaints (Count 2 in *RJM* and Counts 2 and 3 in *Cavalry*) survive this order.  But the Court *sua sponte* DISMISSES with prejudice the FCRA claims (Counts 1) in these cases.

The initial complaint in *Midland* had one FCRA and two FDCPA counts.  The Court dismissed with prejudice one of the FDCPA counts, *see id.* at *4, and Mr. Farkas did not include the other in his amended complaint.  Because the only remaining count in *Midland* is a FCRA claim, the Court *sua sponte* DISMISSES with prejudice that case.

---

[2] Plaintiff spells his name differently in *RJM* and *Midland* than he does in the other complaints.  The Court notes that all complaints refer to the same person because they all contain identical contact information.

**DISCUSSION**

As explained in greater detail its prior Order, the Court has the authority to screen *sua sponte* an *in forma pauperis* complaint and may dismiss such a complaint, or portion thereof, if it fails to state a claim upon which relief could be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

In dismissing Mr. Farkas' FCRA claims without prejudice, the Court relied on law providing that, to state a claim under the relevant FCRA provision, a plaintiff "must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, *see* 15 U.S.C. § 1681b(f); *see also Stonehart v. Rosenthal*, No. 01-cv-651 (SAS), 2001 WL 910771, at *3 (S.D.N.Y. Aug.13, 2001), and that the violation was willful or negligent, *see* 15 U.S.C. §§ 1681n, 1681o; *see also, e.g., Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995)."  Order, 2012 WL 1948643 at *2.

The Court noted that, "[i]n a recent decision dismissing similar claims, *Perl v. American Express*, No. 11-cv-7374 (KBF), 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012), the district court held that plaintiffs must allege specific facts to satisfy the state of mind element." Order, 2012 WL 1948643 at *2.  The Court held that Mr. Farkas had failed to adequately allege the state of mind element, *see id.* at *2-3, because he "allege[d] no facts that would establish that Defendants knew they had no permissible purpose [to access his credit report] or recklessly disregarded their obligation to have a permissible purpose under the law." *Id.* at *3.

The Court instructed Mr. Farkas that, if he chose to replead, "he must allege particular facts that would allow this Court to draw the reasonable inference that each Defendant is liable for the conduct alleged." *Id.* at *4.

Mr. Farkas' amended complaints allege no facts that would establish that Defendants knew they had no permissible purpose to access his credit report or recklessly disregarded their

obligation to have a permissible purpose. Mr. Farkas only adds three sets of factual allegations to his amended complaints.[3]

First, he alleges that the Defendants' accessing his credit report caused his auto insurance premium to rise. *See* Am. Compl. ¶ 25, *RJM*; Am. Compl. ¶ 26, *Cavalry*; Am. Compl. ¶ 25, *Midland*; Am. Compl. ¶ 21, *Hana*; Am. Compl. ¶ 21, *Main Street*; Am. Compl. ¶ 19, *National Enterprise*; Am. Compl. ¶ 19, *Northstar*. This allegation is insufficient because whether Mr. Farkas suffered damages from the Defendants' actions is irrelevant to Defendants' state of mind.

Second, he alleges he contacted Defendants to notify them of their alleged violation of FCRA in an attempt to settle his cases. *See* Am. Compl. ¶ 28, *RJM*; Am. Compl. ¶ 29, *Cavalry*; Am. Compl. ¶ 29, *Midland*; Am. Compl. ¶ 24, *Hana*; Am. Compl. ¶ 24, *Main Street*; Am. Compl. ¶ 22, *National Enterprise*.[4] These alleged contacts occurred after the alleged FCRA violations and therefore cannot establish Defendants' state of mind at the time of the alleged violations.

Third, he alleges that "[t]here was no account that the Defendant[s] had any right to collect [*sic*] to have had permissible purpose to obtain Plaintiff's credit report." Am. Compl. ¶ 29, *RJM*; Am. Compl. ¶ 30, *Cavalry*; Am. Compl. ¶ 30, *Midland*; Am. Compl. ¶ 25, *Hana*; Am. Compl. ¶ 25, *Main Street*; Am. Compl. ¶ 23, *National Enterprise*.[5] But this allegation, like Mr. Farkas' other allegations in his initial complaints, speaks only to whether Defendants had a permissible purpose to access his credit report, not whether "Defendants knew they had no

---

[3] Mr. Farkas also attached affidavits to his amended complaints in *Midland* and *National Enterprise* and attempted to do so in *Hana*, but did not properly serve that affidavit. These affidavits do not add new facts, but merely reiterate and rephrase some of the factual and legal statements made in the amended complaints. Even when read together with the affidavits, the amended complaints do not state a plausible FCRA claim against Defendants.
[4] Mr. Farkas does not allege any communication with the Defendant in *Northstar*.
[5] Mr. Farkas does not use this formulation of this allegation in *Northstar*. He only repeats his statement from his earlier complaint that he did not have an account with Defendant. *See* Am. Compl. ¶ 20, *Northstar*.

5

permissible purpose [to access his credit report] or recklessly disregarded their obligation to have a permissible purpose under the law." Order, 2012 WL 1948643 at *3.

The district court in *Perl v. Plains Commerce Bank*, No. 11 Civ. 7972 (KBF), 2012 WL 760401 (S.D.N.Y. March 8, 2012), dismissed with prejudice amended complaints similar to those at issue here. *See id.* at *3. The court distinguished the case before it from other FCRA complaints in which plaintiffs had alleged that the defendants had implicitly acknowledged they were aware that they had no permissible purpose to access the credit report. *Id.* But in the amended complaints the court dismissed, "it [was] just as possible, based on the factual allegations, that the defendant in each case made an innocent mistake." *Id.* at *2.

Mr. Farkas likewise fails to allege facts suggesting that Defendants were more than innocently mistaken. He only alleges that he communicated with Defendants *after* the alleged violations. Therefore, he has failed to adequately allege the necessary state of mind element of a FCRA claim.

**CONCLUSION**

For the foregoing reasons, the following cases are hereby DISMISSED in their entirety with prejudice:

*Farkash v. Midland Credit Management*, No. 12-cv-1017;

*Farkas v. Frederick J. Hana & Associates*, No. 12-cv-1110;

*Farkas v. Main Street Acquisition Corp.*, No. 12-cv-1310;

*Farkas v. National Enterprise Systems*, No. 12-cv-1456;

*Farkas v. Enhanced Recovery Co.*, No. 12-cv-2212; and,

*Farkas v. Northstar Location Services*, No. 12-cv-2360.

The FCRA Counts (Count 1) in the following complaints are likewise DISMISSED with prejudice:

*Farkash v. RJM Acquisition Funding*, No. 12-cv-735; and

*Farkas v. Cavalry Portfolio Services*, No. 12-cv-935.

The non-dismissed claims in *RJM* (Count 2) and *Cavalry* (Counts 2 and 3) will proceed in their current form.

It is SO ORDERED.

Dated: July 5, 2012
White Plains, NY

Edgardo Ramos, U.S.D.J.